IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN THE MATTER OF GRAND JURY PROCEEDINGS | ) ) ) ) ) ) Misc. No. |

**GOVERNMENT'S MOTION FOR DISCLOSURE OF GRAND JURY
MATERIALS PURSUANT TO FEDERAL CRIMINAL RULE 6(e)(3)(E)(i)**

Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i), undersigned counsel hereby moves this court to grant three Civil Division attorneys access to grand jury materials identified in the above-captioned matter. In support of this motion, counsel states as follows.

1. On July 26, 2019, the Committee on the Judiciary, House of Representatives ("Committee"), petitioned the Chief Judge of the District of Columbia, pursuant to Criminal Rule 6(e)(3)(E)(i), for access to grand jury records referenced in or underlying Special Counsel Robert S. Mueller III's *Report on the Investigation Into Russian Interference In the 2016 Presidential Election* (the "Mueller Report). *See* In Re: Application of the Committee on the Judiciary, U.S. House of Representatives, For An Order Authorizing the Release of Certain Grand Jury Materials, 19-gj-0048 (BAH) ("Application"). A response to the Application is due September 13, 2019.

2. In order to respond to the Application, the Civil Division attorneys assigned to the case require access to the materials at issue. Only by examining the underlying materials can the Department determine whether the Committee has a particularized need for the materials that outweighs the continued need for secrecy. The

1

Civil Attorneys who require access are Elizabeth J. Shapiro; Cristen Handley; and Andrew Bernie, all from the Civil Division's Federal Programs Branch.

      3.      On its face, Federal Rule of Criminal Procedure 6(e)(3)(A)(i) would seem to permit Department of Justice attorneys automatic access to grand jury materials when needed to conduct the Department's business. *See* FRCP 6(e)(3)(A)(i) (providing automatic access to "an attorney for the government for use in performing that attorney's duty."); FRCP 1(b)(1)(A) (defining "attorney for the government" to include the "Attorney General and "an authorized assistant of the Attorney General."). The Supreme Court, however, has held that automatic access is limited to those attorneys who conduct the criminal matter to which the materials pertain. *See United States v. Sells Engineering, Inc., et al,* 463 U.S. 418, 427 (1983). Accordingly, Civil Division attorneys must generally obtain a court order in accordance with Rule 6(e)(3)(E)(i), after demonstrating a particularized need to see the material at issue. *Id.* at 444.

      4.      As described in paragraph 2 above, the named Civil Division attorneys require access to the grand jury materials in order to respond on behalf of the Department to the Committee's Application. Unlike the situation in *Sells Engineering*, Civil Division access is not being requested in order to bring a civil action. To the contrary, the Civil Division's interest in the grand jury materials is solely as counsel in this case for the Department, which is charged with protecting the secrecy of grand jury information.

For the foregoing reasons, the court should grant this motion and permit the named Civil Division attorneys access to the grand jury materials described in the pending Application.

Respectfully submitted,

JESSIE K. LIU
United States Attorney

*/s/*
JONATHAN I. KRAVIS
Assistant United States Attorney
555 Fourth Street N.W.
Washington, D.C. 20530
Tel: (202) 252-6886
jonathan.kravis3@usdoj.gov

Dated: August 20, 2019